476 So.2d 1192 (1985)
George Dexter DARBY
v.
STATE of Mississippi.
No. 55712.
Supreme Court of Mississippi.
September 25, 1985.
Carl D. Ford, Laurel, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*1193 Before WALKER, P.J., and HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Jones County, wherein George Dexter Darby seeks to have his conviction overturned on the basis of § 99-17-1, Miss. Code Ann. (Supp. 1984). Mr. Darby was indicted on July 14, 1981, on charges of burglary and being a habitual criminal, and he was arraigned on July 29, 1981. On November 25, 1981, Darby pled guilty to the charge of receiving and possessing stolen property. He was sentenced to five years. On December 16, 1983, the Circuit Court of Jones County sustained his petition for writ of error coram nobis, on the basis of his allegations that he pled guilty to a charge which was not included in the indictment. Darby was retried on March 2, 1984, on the original indictment charging burglary. He was found guilty, and sentenced to ten years. It is from this conviction that Darby appeals, assigning as error that:
1. The trial court erred in not dismissing the charges against the appellant in violation of § 99-17-1 Miss. Code Ann. (1972 as amended) and the Sixth Amendment of the United States Constitution.
2. The imposition of a more severe sentence upon retrial violated the due process clause of the United States Constitution.
Darby makes no appeal based on the merits of his case; therefore, the details of the burglary for which he was charged need not be discussed here. The relevant facts for this appeal are summarized in the table below:

EVENT DATE
Indictment on charges of burglary
and being a habitual criminal 7-14-81
Arraignment; not guilty plea 7-29-81
Motion for continuance to
November term 7-29-81
Continuance granted 7-29-81
Guilty plea to receiving and
possessing stolen property 11-25-81
Sentenced to five years 11-25-81
Petition for writ of error coram
nobis to Circuit Court 10-11-83
Order overruling petition 11-08-83
Supplemental petition for writ of
error coram nobis to Circuit Court 12-2-83
Order sustaining supplemental
petition and vacating guilty plea 12-16-83
Trial 3-2-84
Sentenced to ten years 3-2-84

Based on the facts as shown in the table above, the total time for arraignment on July 29, 1981, to trial on March 2, 1984 was 946 days. The time from arraignment to his original entering of a guilty plea was approximately 119 days. Of that time, 112 days could be charged to the defendant's motion for a continuance, as the original trial date was August 6, 1981. The elapsed time from the order sustaining the petition for error coram nobis until the trial on March 2, 1984, was 76 days.
Darby's first assignment of error asserts that his conviction must be reversed because it is in violation of § 99-17-1. The section reads:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
By this statute, the Mississippi Legislature has quantified the state and federal guarantees of a speedy trial which are articulated in Miss. Const. art. 3, § 26, and in the Sixth Amendment to the U.S. Constitution.
The 946 day delay between Darby's arraignment and trial does not violate § 99-17-1. Darby was originally imprisoned without "trial" because he voluntarily entered a plea of guilty to what he thought was a lesser included offense. That guilty plea was to his advantage because it reduced his sentence from the mandatory ten years to only five, and the hearing on his guilty plea and the attendant sentence *1194 served as an effective a disposition of his case as any trial. Furthermore, the disposition took place well within the 270 days required by statute, and Darby cannot now be heard to complain that he did not receive a speedy trial.
Because George Darby managed to have his guilty plea vacated due to a technical error, he was granted a subsequent trial over two years after the plea was entered. That delay falls outside the scope of § 99-17-1, as it is analogous to the delay following a mistrial, or a trial, reversal on appeal, and retrial. In those situations, the speedy trial statute does not apply. Carlisle v. State, 393 So.2d 1312 (Miss. 1981); Atkinson v. State, 392 So.2d 205 (Miss. 1980). To hold otherwise in this case would allow a petitioner on a writ of error coram nobis greater rights than a prisoner on direct appeal and would "place a premium upon collateral rather than upon direct attack because of the greater possibility that immunization might attach." U.S. v. Ewell, 383 U.S. 116, 121, 86 S.Ct. 773, 777, 15 L.Ed.2d 627, 631 (1966).
To determine whether the delay between Darby's guilty plea and his subsequent trial violated the Sixth Amendment to the United States Constitution, we look not to § 99-17-1, but to the four-part test of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The first part of the test is the actual length of delay between arraignment and trial. In this case, 946 days elapsed between Darby's arraignment and his trial. However, about 112 of those days were due to a continuance which he requested. Furthermore, 685 days were due to the lapse of time between his guilty plea and the filing of his first petition for writ of error coram nobis. That would leave 149 days chargeable to the state, which does not appear to be an extraordinarily long time. The second factor is the reason for the delay. In this case, the major portion of the delay was due to the failure of the appellant to attack his guilty plea until almost two years after it was made. The third factor is the defendant's assertion of his right to a speedy trial. Darby never asserted this right until February 24, 1984, when he moved to dismiss his indictment. Finally, the fourth factor is any prejudice resulting to the defendant. One of the factors which favorably influenced the Court in Ewell to permit retrial of the defendants was the fact that the trial judge was to be extended the opportunity to take into account the time which the defendant spent in prison. 383 U.S. at 123, 86 S.Ct. at 778, 15 L.Ed.2d at 632. In this case, in passing sentence, the Court credited Darby with the amount of time which he had previously spent in prison. Therefore, he was not prejudiced by the passage of time. He has asserted no other prejudice, such as disappearance of witnesses, etc. Thus, Darby's retrial does not violate the Barker test, nor does it violate the Sixth Amendment.
Darby's second assignment of error asserts that he was denied due process when the trial court sentenced him to a term of imprisonment longer than that which he received after his guilty plea. While it is true that the U.S. Supreme Court, in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), considered the chilling effect that such subsequent sentencing could impose upon the exercise of constitutional rights, the Court did not absolutely forbid a harsher sentence upon retrial. Instead, the Court "concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670.
In this case, the reason for the second, longer sentence appears clearly in the record. Darby's original five year sentence was the maximum which could be imposed for the crime of receiving stolen property. After Darby was convicted of the crime of burglary and of being a habitual offender, Miss. Code Ann. § 99-19-81 (Supp. 1984) mandated that he be sentenced to the maximum term of imprisonment provided for the crime of burglary. That sentence was ten years. Thus, the trial judge *1195 had no discretion over Darby's re-sentencing, and it cannot be said to be the result of judicial vindictiveness.
We find no merit in the errors urged by the appellant and are of the opinion that the judgment of the lower court should be affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.