Willie James Ross was indicted and convicted, in the Circuit Court of DeSoto County, Mississippi, of robbery. He was sentenced to a term of ten years; however, his motion for a new trial was granted. Ross was retried, with a different judge presiding, reconvicted, and sentenced to twelve years, out of the maximum of fifteen, in the custody of the Department of Corrections. From this conviction, he has appealed, and raised five assignments of error.
We have carefully reviewed the record and applicable law, and conclude that only the assignment concerning Ross's sentence *Page 1159 
has merit; therefore, the details of the robbery and the subsequent arrest and trial need not be discussed.
DID THE TRIAL COURT ERR IN SENTENCING ROSS TO A TERM OF 12 YEARS, WHICH WAS A GREATER SENTENCE THAN THE PREVIOUS SENTENCE OF 10 YEARS?
The United States Supreme Court, in North Carolina v. Pearce,395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, (1969), had before it the issue of whether the Constitution limited the imposition of a harsher sentence upon retrial when, at the urgence of the defendant, a prior conviction for the same offense had been set aside and a new trial ordered. The issue presented itself in two companion cases. In both, the defendants were successful in having their convictions reversed in post-conviction proceedings and were then retried, convicted and sentenced to prison terms which were longer than those originally imposed.
The Court, through Justice Potter Stewart, held, "that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction." 395 U.S. at 723, 89 S.Ct. at 2079, 23 L.Ed.2d at 668.
The court went on to explain this holding as follows:
 A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." . . . Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in Williams v. New York, supra, that a State may adopt the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." (cites omitted).
Id.
The Court next considered the impact of the Due Process Clause of the Fourteenth Amendment, and held that, though it does not prohibit a harsher sentence, due process would not allow vindictiveness against a defendant for having successfully attacked his first conviction to play a part in the sentence he receives after a new trial. The Court held as follows:
 Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
395 U.S. at 725-26, 89 S.Ct. at 2080-81, 23 L.Ed.2d at 669-70.
The Court then formulated the following rule to assure that such vindictive motivation did not exist:
 In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
Id.
The Court concluded that in both of the cases before them no reason or justification *Page 1160 
was offered by the state for the increased sentences; therefore, they affirmed the reversals of both.
The Pearce rule was modified in Wasman v. United States,
478 U.S. ___, 104 S.Ct. 3217, 82 L.Ed.2d 424, (1984). InWasman, the defendant was successful in having his conviction reversed and remanded for a new trial. The issue before the United States Supreme Court was whether the Due Process Clause was violated when, upon reconviction, the judge stated as his reason for giving a harsher sentence an intervening criminal conviction. The defendant's argument was that, though the conviction was subsequent to the original sentencing, the underlying conduct giving rise to the conviction occurred prior to it.
The Court said that the Pearce rule had in essence created in certain cases "a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." 478 U.S. at ___, 104 S.Ct. at 3221, 82 L.Ed.2d at 430. Contra Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); Chaffin v. Stynchcombe,412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (In both cases, the United States Supreme Court held that the presumption did not apply.). The Court said that the rationale of the Pearce rule is so "the `Constitutional legitimacy,' of the enhanced sentence may thereby be readily assessed on appeal." 478 U.S. at ___, 104 S.Ct. at 3221, 82 L.Ed.2d at 431 (quoting Pearce).
The Court, considering the question of the scope of information that may be relied upon by a trial court to justify an increased sentence after retrial, said the following:
 There is no logical support for a distinction between "events" and "conduct" of the defendant occurring after the initial sentencing insofar as the kind of information that may be relied upon to show a nonvindictive motive is concerned.
478 U.S. at ___, 104 S.Ct. at 3225, 82 L.Ed.2d at 435.
The court then held as follows:
 We hold that after retrial and conviction following a defendant's successful appeal, a sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings. . . . (emphasis added) (cites omitted)
Id.
In Darby v. State, 476 So.2d 1192, 1195 (Miss. 1985), we adopted the holding in Pearce "that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear"; however, the facts in Darby are dissimilar to the case sub judice. InDarby, the defendant was convicted upon different charges, burglary and being a habitual offender, from that for which he had originally been sentenced. The maximum term of imprisonment for such was set by statute; the judge had no discretion.
We now fully adopt the Pearce rule as modified by Wasman.
Borrowing from these cases, we hold as follows:
1. The imposition of a harsher sentence by a judge following a new trial and conviction for the same charge is not violative of the federal, or Mississippi's, Constitution. See also, Sandersv. State, 440 So.2d 278, 288 (Miss. 1983); Tiller v. State,440 So.2d 1001, 1006 (Miss. 1983).
2. Due process of law does require that vindictiveness against a defendant for having successfully attacked his first conviction play no part in the sentence he receives after a new trial.
3. Due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
4. In order to assure that it may be determined on appeal whether such a motive was absent, the following must occur:
(a) The judge must affirmatively state in the record his reasons for the harsher sentence.
(b) The reasons must be based upon objective information concerning identifiable *Page 1161 
conduct on the part of the defendant which occurred after the time of the original sentencing proceeding, or based upon objective information concerning events which occurred after the time of the original sentencing proceeding that may have thrownnew light upon the defendant's life, health, habits, conduct, or mental and moral propensities.
(c) The factual data upon which the increased sentence is based must be made a part of the record.
(d) This information and data upon which the judge bases his sentence may come to the judge's attention from evidence adduced at the second trial itself, from a new presentencing investigation, from the defendant's prison record, or possibly from other sources.
The reason given by the presiding judge for Ross's harsher sentence was the bad physical and mental condition of the victim of the robbery as was discernible during her testimony at the second trial. No factual data appears in the record that tends to prove that her condition at the second trial was any worse than it was at the first trial and, therefore, a subsequent event which presented new light upon the defendant's conduct during the robbery. If it had been shown that her condition had deteriorated since the first trial, the judge could have possibly justified the harsher sentence based upon the reasoning that such showed that Ross's conduct during the robbery was worse than that thought at the original trial and sentencing.
The sentencing did not conform with the rule we have adopted today; therefore, it was erroneous. The reasoning given by the judge did nothing to rebut the presumption of vindictiveness since it was based upon facts which may have existed at the original sentencing.
We reverse the sentence of twelve years and order that a sentence of ten years in the custody of the Mississippi State Department of Corrections be substituted.
We point out that the guidelines we have set forth will only affect those sentences after the date of this opinion unless an appeal of the sentence is pending before this Court or the time for filing an appeal has not lapsed. See Michigan v. Payne,412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973); Harrell v.State, 386 So.2d 390 (Miss. 1980); Smith v. State,358 So.2d 405 (Miss. 1978); Jones v. State, 355 So.2d 89 (Miss. 1978);Taylor v. State, 285 So.2d 172 (Miss. 1973); Scarborough v.State, 261 So.2d 475 (Miss. 1972); Davis v. State,255 So.2d 916 (Miss. 1972).
CONVICTION AFFIRMED; SENTENCE REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.