667 So.2d 26 (1996)
Reuben BUSH
v.
STATE of Mississippi.
No. 92-KA-01143-SCT.
Supreme Court of Mississippi.
January 18, 1996.
*27 Allan D. Shackelford, Clarksdale, for appellant.
Michael C. Moore, Attorney General, Pat S. Flynn, Ass't Attorney General, Jackson, for appellee.
Before PRATHER, P.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.
PITTMAN, Justice, for the Court:
Reuben Bush was convicted in the Circuit Court of Quitman County of armed robbery and sentenced to 25 years in the custody of the Mississippi Department of Corrections. He assigns as error the trial court's admittance of a statement made to law enforcement officers by State's witness and co-indictee, Robert Brown, and the enhancement of his sentence from the original sentence of fifteen years to twenty-five years. The law on each of these points weighs in favor of the State. We affirm the conviction and sentence of the lower court.
On November 20, 1989, Reuben Bush and two others entered a store in a rural portion of Quitman County for the purpose of robbing the store. Bush held a sawed-off shotgun *28 on the storekeeper, Chester Dickey, while one of the others attempted to open the cash register. They could not open the register, so they took Dickey's wallet containing about $120. The three were indicted on February 20, 1990, and entered pleas of guilty before Judge John L. Pearson. Pursuant to the plea bargain, Bush was given a fifteen-year sentence. On January 22, 1992, Bush filed a Motion to Vacate and Set Aside Conviction and Sentence Pursuant to the Post-Conviction Relief Act. The motion was heard by a different Circuit Court Judge, John Leslie Hatcher. Judge Hatcher found that Bush had not been advised of all his constitutional rights at the time the plea was taken, and granted his motion to vacate sentence. Bush proceeded to trial where the State called Robert Brown to testify. The State introduced a prior inconsistent statement given by Brown for the purpose of impeaching the witness. This statement also incriminated Bush. Bush was convicted by a jury and sentenced to 25 years by Judge Hatcher.
The prior inconsistent statement of witness Brown implicating Bush was properly admitted. Brown, a witness for the State, refused to cooperate after taking the stand and could "not remember" making the alleged statement to police officers. Proper predicate requires the witness be asked "whether or not on a specific date, at a specific place, and in the presence of specific persons, the witness made a particular statement." Carlisle v. State, 348 So.2d 765, 766 (Miss. 1977) (citing Bonnelli v. Bowen, 70 Miss. 142, 11 So. 791 (1892)). The record indicates proper predicate was laid for introduction of the prior inconsistent statement. Additionally, a witness whose memory fails may be impeached by a prior inconsistent statement. Harrison v. State, 534 So.2d 175, 180 (Miss. 1988). This prevents an unwilling witness from seeking refuge in a lack of recollection. Id. Upon the defense's objection to this line of questioning by the prosecution, the trial court ruled that "under the circumstances" the district attorney had no other choice. Brown's hostility on the stand authorized impeachment by the State in accordance with our recent holding in Wilkins v. State, 603 So.2d 309, 321 (Miss. 1992). The State's impeachment of Brown was proper.
The introduction of the statement through the officer who took it was also proper. In Harrison, the witness could not remember making a certain statement to the police. We held impeachment of the witness by the officer's testimony was lawful. The State was required to offer proof establishing the making of the statement. Harrison, 534 So.2d at 180.
Bush also claims that it was error for a harsher sentence to be imposed after he invoked his constitutional right to a fair trial. The State maintains that the Court is precluded from considering this as it was not preserved at trial. No objection was made at the sentencing hearing nor was it made part of the motion for a new trial. However, an exception exists where the errors at trial affect fundamental rights. Gallion v. State, 469 So.2d 1247, 1249 (Miss. 1985). If the trial court had imposed a harsher penalty based on Bush's decision to invoke his constitutional right to proceed to trial for a determination of guilt, then his right to due process would have been affected. Therefore, it is proper to consider this issue on appeal notwithstanding the procedural defect.
In Ross v. State, 480 So.2d 1157 (Miss. 1985), we found that the imposition of a harsher sentence by a judge following a new trial and conviction was not violative of the United States or Mississippi Constitution. In Ross we followed the lead of the United States Supreme Court stating that a judge must affirmatively state in the record reasons for the harsher sentence in order to assure the absence of vindictiveness on the part of the trial court. Ross, 480 So.2d at 1160; See also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). In effect the Pearce case sought to prevent vindictiveness in sentencing after a new trial where a defendant successfully attacked his first conviction. The U.S. Supreme Court essentially presumed vindictiveness as it required affirmative reasons in the record for the new sentence. Thus, Bush alleged on appeal that the failure of Judge *29 Hatcher to affirmatively state his reasons for enhancing the sentence amounts to reversible error.
Subsequent Supreme Court cases have backed away from the ruling in Pearce. In Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), the Supreme Court held that the rule of Pearce was not applicable in cases where an enhanced sentence was given by a superior court after a trial de novo on appeal from an inferior court[1]. The Supreme Court has succinctly stated in cases following Pearce that the presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989), (quoting Texas v. McCullough, 475 U.S. 134, 138, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986)). The Supreme Court further explained in McCullough, "the evil the [Pearce] Court sought to prevent" was not the imposition of "enlarged sentences after a new trial" but "vindictiveness of a sentencing judge." McCullough, 475 U.S. at 138, 106 S.Ct. at 979. In Alabama v. Smith, the respondent plead guilty to burglary and rape in exchange for the State's agreement to dismiss the sodomy charge. The trial judge granted the State's motion to dismiss the sodomy charge, accepted the guilty plea and sentenced the respondent to concurrent terms of 30 years for each conviction. The respondent succeeded in having his guilty plea vacated and proceeded to trial on the three original charges before the same trial judge. The jury found him guilty. The judge then sentenced him to a term of life imprisonment for the burglary conviction, and a concurrent term of life imprisonment on the sodomy conviction and a consecutive term of 150 years' imprisonment on the rape conviction. Id. 490 U.S. at 794, 109 S.Ct. at 2201. The Supreme Court held that there is no basis for a presumption of vindictiveness where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea. Id. at 803, 109 S.Ct. at 2207. Certainly, a judge who hears the defendant, the victim, and other circumstances of the crime at trial is entitled to impose a higher sentence than the judge who hears only the admission of guilt at a plea hearing.
In McCray v. State, 643 So.2d 610 (Ala. Crim. App. 1992), the defendant had been sentenced to 15 years for kidnaping in the second degree and 10 years for assault in the second degree to be served concurrently. The conviction was reversed on appeal and remanded for a new trial. The second trial was conducted before a different judge who sentenced the defendant to consecutive sentences of 25 years for the kidnaping charge and 10 years for the assault. The trial judge did not cite specific reasons for the sentence, and the defendant alleged that the rule of Pearce forbade this sentence. Id. The Alabama Criminal Court of Appeals held that if it looked solely at Pearce, they would be compelled to remand. However, it looked to the Supreme Court's holdings in McCullough, Alabama v. Smith, and Colten for their determination. Based on these, it found no indication that the second sentence was a result of the judge's vindictiveness, "particularly in view of the fact that the judge presiding over the second trial was not the same judge who imposed the first sentence." McCray, 643 So.2d at 612-613. A judge imposing the second sentence but not the first has no reason to be vindictive concerning the defendant's attack of the first conviction. In fact, in the instant case, Judge Hatcher, who imposed the second sentence, granted Bush's motion to vacate the first sentence on the grounds that he was not properly advised of his rights. It would be preposterous in this situation to assume vindictiveness by Judge Hatcher as Pearce and Ross require.
The Supreme Court's concern in Pearce was the vindictiveness of sentencing judges. We agree this is a valid concern. However, the presumption of vindictiveness has been relaxed by both this Court and the Supreme Court. In light of the post-Pearce holdings and McCray, we find no evidence of vindictiveness *30 in Bush's sentence, particularly since there were two different sentencers and the latter had the benefit of hearing the evidence at trial.
CONVICTION OF ARMED ROBBERY AND SENTENCE OF 25 YEARS WITH CONDITIONS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. APPELLANT SHALL NOT BE ELIGIBLE FOR PAROLE UNTIL HE SHALL HAVE SERVED A MINIMUM OF TEN (10) CALENDAR YEARS.
DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., and BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
NOTES
[1] The Court has followed this reasoning in cases affirming the enhancement of penalties on de novo appeals from municipal court to circuit court and to county court. See Fisher v. City of Eupora, 587 So.2d 878 (Miss. 1991); Jones v. City of Meridian, 552 So.2d 820 (Miss. 1989).