919 So.2d 1129 (2005)
Robert K. FOWLER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KP-00403-COA.
Court of Appeals of Mississippi.
August 23, 2005.
Rehearing Denied November 22, 2005.
*1130 Robert K. Fowler, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
CHANDLER, J., for the Court.
¶ 1. The appellant's motion for rehearing is granted. The original opinion is withdrawn and this opinion is substituted therefor.
¶ 2. Robert Fowler entered a guilty plea for armed robbery and was sentenced to serve fifteen years in prison. As part of the State's plea bargain agreement, his indictment for attempted murder was passed to the files. After he successfully pursued post-conviction relief, the State pursued charges for both armed robbery and attempted murder. The Oktibbeha County Circuit Court sentenced Fowler to ten years for attempted murder and enhanced Fowler's armed robbery sentence from fifteen years to twenty-two years. Fowler appeals, raising the following issue:

WHETHER THE TRIAL COURT ERRED IN SENTENCING FOWLER TO A HARSHER SENTENCE AFTER HAVING HAD HIS FIRST SENTENCE VACATED
¶ 3. Finding no error, we affirm.

FACTS
¶ 4. Robert Fowler was indicted for armed robbery and attempted murder. He entered a plea agreement with the State which provided that he would plead guilty to armed robbery and that the State would pass the attempted murder charge to the files and recommend a sentence of fifteen years for armed robbery. The trial court accepted Fowler's guilty plea and sentence recommendation from the State.
¶ 5. Fowler then claimed that his attorney erroneously told Fowler that he would be eligible for parole after serving ten years of his fifteen year sentence. Upon this discovery, Fowler petitioned for post-conviction relief in which he sought to set aside the plea because of this information. The circuit court granted this motion and set aside Fowler's guilty plea.
¶ 6. After Fowler's guilty plea and sentence had been vacated, the State retrieved the attempted murder charge from the files and prepared to try Fowler on both charges. Initially, Fowler decided to plead not guilty to these charges. Accordingly, the State did not offer a plea bargain. Fowler later changed his mind and pleaded guilty to both charges. The circuit court accepted Fowler's guilty pleas and sentenced Fowler to twenty-two years for the armed robbery and ten years for the attempted murder, with the sentences to run concurrently. Fowler now prosecutes this appeal, alleging that the harsher sentences were a result of vindictiveness.

ANALYSIS

WHETHER THE TRIAL COURT ERRED IN SENTENCING FOWLER TO A HARSHER SENTENCE AFTER HAVING HAD HIS FIRST SENTENCE VACATED
¶ 7. The United States Supreme Court, in North Carolina v. Pearce, 395 U.S. 711, *1131 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), decided the issue of whether the Constitution limited the imposition of a harsher sentence upon retrial when a prior conviction for the same offense had been set aside and a new trial ordered. The court held that "neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to the more severe sentence upon reconviction." Id. at 723, 89 S.Ct. 2072. The court went on to hold that due process would not allow vindictiveness against a defendant for having attacked his first conviction to play a part in the sentence he receives after a new trial. To assure that such a vindictiveness motivation does not exist, the court requires that the reasons for imposing a harsher sentence must affirmatively appear in the record. Id. at 725-26, 89 S.Ct. 2072.
¶ 8. In Ross v. State, 480 So.2d 1157 (Miss.1985), the Mississippi Supreme Court adopted the rules of law announced in Pearce. In Ross, the defendant was sentenced to a term of ten years for robbery. Id. at 1158. His motion for a new trial was granted, he was re-tried, and was ordered to serve twelve years after he was re-sentenced. Id. The Mississippi Supreme Court agreed that the defendant's harsher sentence was vindictive and should be vacated. Accordingly, the court reversed and rendered and substituted the original ten year sentence. Id. at 1161.
¶ 9. The court in Ross issued the following pronouncements and guidelines to insure that a harsher sentence upon re-trial is constitutionally permissible:
1. The imposition of a harsher sentence by a judge following a new trial and conviction for the same charge is not violative of the federal, or Mississippi's, Constitution.
2. Due process of law does require that vindictiveness against a defendant for having successfully attacked his first conviction play no part in the sentence he receives after a new trial.
3. Due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
4. In order to assure that it may be determined on appeal whether such a motive was absent, the following must occur:
(a) The judge must affirmatively state in the record his reasons for the harsher sentence.
(b) The reasons must be based upon objective information concerning identifiable conduct on the part of the defendant which occurred after the time of the original sentencing proceeding, or based upon objective information concerning events which occurred after the time of the original sentencing proceeding that may have thrown new light upon the defendant's life, health, habits, conduct, or mental and moral propensities.
(c) The factual data upon which the increased sentence is based must be made a part of the record.
(d) This information and data upon which the judge bases his sentence may come to the judge's attention from evidence adduced at the second trial itself, from a new presentencing investigation, from the defendant's prison record, or possibly from other sources.
Id. at 1160-61 (citations omitted).
¶ 10. When Fowler entered his first guilty plea and the judge sentenced Fowler to fifteen years for armed robbery, there was no indication that the judge was aware that the State also indicted Fowler for attempted murder. At the second sentencing hearing the judge was made aware of new evidence that led him to believe that Fowler's conduct was more heinous *1132 than he originally realized. Pursuant to the mandates of Ross, this new evidence threw new light upon Fowler's life, health, habits, conduct, and mental or moral propensities. During the second sentencing hearing, the judge for the first time heard evidence that Fowler's accomplice had plans to shoot and kill the clerk of the store which Fowler robbed. At the second sentencing hearing, the State called an expert who testified that the gun used by Fowler had the capacity of killing the store clerk. Fowler's accomplice pulled the trigger, and the State's expert testified that the gun would have fired if the pin had been properly set.
¶ 11. The record shows that the judge used Fowler's conduct concerning his attempted murder of the store clerk in deciding to impose a harsher sentence. The transcript from the second sentencing hearing shows that the hearing focused almost entirely on the culpability of Fowler's attempted murder. The judge linked Fowler's attempted murder charge to the enhanced sentence for the armed robbery charge. "Now, the most culpable defendant is the one with the firearm and the one who tried to kill the clerk, but there is culpability for all that join in this illegal act. The sentence of the law is in Count 1 which is the count of armed robbery that you be sentenced to serve a term of twenty-two years in the Mississippi Department of Corrections." These two statements demonstrate that the judge used Fowler's attempted murder as a justification for the armed robbery charge, based on the new evidence at the hearing.
¶ 12. Although Pearce and Ross remain valid law, both the United States and Mississippi Supreme Courts have limited the scope and application of this law. See Bush v. State, 667 So.2d 26, 29 (Miss.1996) (citing Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); Texas v. McCullough, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986); Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972)). "The Supreme Court further explained in McCullough, `the evil the [Pearce] Court sought to prevent' was not the imposition of `enlarged sentences after a new trial' but `vindictiveness of a sentencing judge.'" Id. (quoting McCullough, 475 U.S. at 138, 106 S.Ct. 976).
¶ 13. In Alabama v. Smith, the defendant entered a guilty plea to burglary and rape in exchange for the State's agreement to dismiss the sodomy charge. The trial judge accepted this guilty plea and sentenced the defendant to serve concurrent terms of thirty years for each conviction. The defendant succeeded in having his guilty plea vacated and proceeded to trial on the three original charges. The jury convicted the defendant on all three charges, and the trial judge sentenced him to serve a term of life imprisonment for the burglary conviction, and concurrent term of life imprisonment on the sodomy conviction and a consecutive term of 150 years' imprisonment on the rape conviction. Smith, 490 U.S. at 794, 109 S.Ct. 2201. "The Supreme Court held that there is no presumption of vindictiveness where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea. Certainly, a judge who hears the defendant, the victim, and other circumstances of the crime at trial is entitled to impose a higher sentence than the judge who hears only the admission of guilt at a plea hearing." Bush, 667 So.2d at 29 (citing Smith, 490 U.S. at 803, 109 S.Ct. 2201).
¶ 14. This Court recognizes the differences between Bush and the case sub judice. In Bush, unlike this case, a second judge imposed the defendant's second sentence, and the second judge heard evidence *1133 from a full trial rather than a sentencing hearing. Id. at 29-30. Nevertheless, we find Bush to be instructive. In Fowler's second sentencing hearing, the judge heard new evidence concerning the events of Fowler's crimes, and this evidence led the judge to believe that the crime was more heinous than the judge originally believed. Although the judge did not explicitly state that he was imposing a harsher sentence for armed robbery because of the new evidence at the sentencing hearing, the judge did impose this enhanced sentence immediately after declaring that Fowler was guilty of attempted murder. In Smith, 490 U.S. at 799, 109 S.Ct. 2201, the Supreme Court held that the presumption of vindictiveness must be limited to those situations in which there is a "`reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. When there is no such reasonable likelihood, the burden of proof remains on the defendant" (quoting United States v. Goodwin, 457 U.S. 368, 373, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)). Under these particular facts, we are unable to find that the circuit judge's enhanced sentence for armed robbery was the result of vindictiveness. Therefore, we affirm.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF COUNT I ARMED ROBBERY AND SENTENCE OF TWENTY TWO YEARS AND COUNT II ATTEMPTED MURDER AND SENTENCE OF TEN YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SENTENCES TO RUN CONCURRENTLY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
BRIDGES AND LEE, P.JJ., MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J. BARNES AND ISHEE, JJ., NOT PARTICIPATING.
IRVING, J., Dissenting.
¶ 16. The majority affirms the judgment of the trial court giving Fowler a harsher sentence on his second plea of guilty to armed robbery after Fowler was allowed to withdraw his first plea of guilty to the same armed robbery charge because of defective advice of counsel regarding his eligibility for parole. In my opinion, the majority errs in affirming the judgment of the harsher sentence because the trial judge failed to give justification for the harsher sentence by complying with the guidelines established in Ross v. State, 480 So.2d 1157 (Miss.1985). Therefore, I respectfully dissent.
¶ 17. In 1997, Robert K. Fowler was indicted for armed robbery and attempted murder of Undra Peoples. He entered into a plea agreement with the State which provided that he would plead guilty to armed robbery and the State would pass the attempted murder charge to the files and recommend a sentence of fifteen years for the armed robbery. The trial court accepted Fowler's guilty plea. However, prior to sentencing Fowler, the court received a victim impact statement and a presentence investigation report. After receipt of the victim impact statement and presentence investigation report, the trial judge followed the recommendation made in the plea agreement and sentenced Fowler on the armed robbery charge to fifteen years in the custody of the Mississippi Department of Corrections. The attempted murder charge was retired to the files.
¶ 18. Sometime after being sentenced, Fowler was allowed to withdraw his plea *1134 because of faulty advice given him by his attorney regarding his eligibility for parole. After Fowler withdrew his guilty plea, the State retrieved the attempted murder charge from the files and placed it back on the active docket. Fowler then was rearraigned on both charges. After several failed attempts to strike a plea bargain, Fowler finally entered an open plea of guilty to both charges. The trial judge sentenced him to twenty-two years incarceration on the armed robbery charge and ten years on the attempted murder charge. This appeal ensued in which Fowler alleges that he was given the harsher sentence out of vindictiveness for withdrawing his first plea.
¶ 19. Before addressing my differences with the majority over the results, I address some serious factual misstatements made by the majority. The first misstatement is: "When Fowler entered his first guilty plea and the judge sentenced Fowler to Fifteen years for armed robbery, there was no indication that the judge was aware that the State also indicted Fowler for attempted murder." Majority opinion at ¶ 10. I am perplexed by this statement by the majority because the majority, in the second paragraph of its opinion, says Fowler's "indictment for attempted murder was passed to the files" Actually, it was count two of the same indictment, charging armed robbery, which was passed to the files. The statement that there is no indication that the trial judge was aware of Fowler's indictment for attempted murder when Fowler entered his first guilty plea is simply not true. Quite the contrary, it is crystal clear that the trial judge was aware that Fowler had also been indicted for attempted armed robbery.
¶ 20. The second misstatement made by the majority is: "At the second hearing, the State called an expert who testified that the gun used by Fowler had the capacity of killing the store clerk. Fowler's accomplice pulled the trigger, and the State's expert testified that the gun would have fired if the pin had been properly set." Majority opinion at ¶ 10. This statement is untrue in two respects. First, the record is clear that Fowler never used the pistol. Second, the State did not call an expert at the sentencing hearing. The district attorney advised the court that an employee of the district attorney's office "retrieved the pistol yesterday and the pistol would fire. The problem was the  the pin that held the cylinder in was missing, but the firing pin was  was there and the gun was fully capable of firing a bullet." The district attorney's statement was made because one of Fowler's codefendants who was tried before a different circuit judge had told that judge that the gun would not fire. The record is clear that Fowler never made a statement about the firing capability of the gun.
¶ 21. The third misstatement is this: "At the second sentencing hearing the judge was made aware of new evidence that led him to believe that Fowler's conduct was more heinous than he originally realized . . . During the second sentencing hearing, the judge for the first time heard evidence that Fowler's accomplice had plans to shoot and kill the clerk of the store which Fowler robbed" Majority opinion at ¶ 10. It is difficult to discern the basis for the majority's assertion in this regard because we are not privileged to have the transcript of the first plea hearing. Therefore, neither I nor the majority knows what evidence was introduced at the first hearing, and no one during the second sentencing hearing mentioned the evidence which was offered during the first hearing. However, in my opinion, it is a reasonable assumption that no evidence was presented during the second sentencing hearing which was not presented during *1135 the first sentencing hearing. I say this because prior to the court's sentencing Fowler the first time, the court had the benefit of a presentence investigation report and a victim impact statement. Surely, between these two documents, the court was probably informed as to the totality of the offenses committed.
¶ 22. The third and most egregious misstatement by the majority is this statement:
The record shows that the judge used Fowler's conduct concerning his attempted murder of the store clerk in deciding to impose a harsher sentence. The transcript from the second sentencing hearing shows that the hearing focused almost entirely on the culpability of Fowler's attempted murder. The judge linked Fowler's attempted murder charge to the enhanced sentence for the armed robbery charge.
Majority opinion at ¶ 11. First, the statement is not only untrue but it makes no sense. It is illogical. If the court wanted to punish Fowler for his conduct concerning the attempted murder of the store clerk, the court could have, and no doubt would have, made Fowler's sentence for the attempted murder run consecutive to his sentence for the armed robbery. Second, the record belies the verity of the statement as will be shown later in this opinion during my discussion of what transpired at the sentencing hearing.
¶ 23. I now turn to a brief discussion of the applicable law. Ross which is cited by Fowler in his brief appears to be almost directly on point with Fowler's situation. The operative facts in Ross are these:
Willie James Ross was indicted and convicted in the Circuit Court of DeSoto County, Mississippi of robbery. He was sentenced to a term of ten years; however, his motion for a new trial was granted. Ross was retried, with a different judge presiding, reconvicted, and sentenced to twelve years, out of the maximum of fifteen, in the custody of the Department of Corrections.
Id. at 1158. On appeal, Ross argued, inter alia, that the trial court erred in sentencing him to twelve years, two years more than the previous sentence which had been vacated. Id. at 1159.
¶ 24. The Mississippi Supreme Court agreed with Ross's contention, reversed and rendered the twelve-year sentence, and ordered a sentence of ten years substituted. Id. at 1161. In reversing and rendering Ross's new sentence, the Ross court also made and issued the following pronouncements and guidelines:
1. The imposition of a harsher sentence by a judge following a new trial and conviction for the same charge is not violative of the federal, or Mississippi's, Constitution. (citations omitted).
2. Due process of law does require that vindictiveness against a defendant for having successfully attacked his first conviction play no part in the sentence he receives after a new trial.
3. Due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
4. In order to assure that it may be determined on appeal whether such a motive was absent, the following must occur:
(a) The judge must affirmatively state in the record his reasons for the harsher sentence.
(b) The reasons must be based upon objective information concerning identifiable conduct on the part of the defendant which occurred after the time of the original sentencing proceeding, or based upon objective information concerning events which occurred *1136 after the time of the original sentencing proceeding that may have thrown new light upon the defendant's life, health, habits, conduct, or mental and moral propensities.
(c) The factual data upon which the increased sentence is based must be made a part of the record.
(d) This information and data upon which the judge bases his sentence may come to the judge's attention from evidence adduced at the second trial itself, from a new presentencing investigation, from the defendant's prison record, or possibly from other sources.
Id. at 1160-61.
¶ 25. The record in this case reflects that the trial judge failed to comply with the Ross guidelines. He offered no explanation for the seven-year increase in the sentence for the armed robbery conviction. The following exchange occurred at the sentencing hearing:
BY THE COURT: He [Flowler] was not the principal person involved with the weapon insofar as attempting to shoot the clerk in the store at Green Oaks Superette. The one who attempted to kill the clerk is in front of Judge Montgomery.
BY MR. KITCHENS: That  that is correct as I  as I recall, your Honor.
BY THE COURT: And that is to some extent not mitigating, but what it does show the Court is that this defendant is not the one that attempted to actually do the killing; however, he is responsible as if he had pulled the gun and killed or attempted to kill his own self [sic]. As you understand and as I explained to you before, when any two or more people combine or go in together to commit an unlawful act  as armed robbery, the act or one is the act of all and they are all responsible as if they had done the whole thing themselves by themself. Do you understand that, Mr. Fowler?
A. Yes, sir.
BY THE COURT: Was there any recommendation that the State desired to make as to a sentence to be imposed in this case?
BY MR. KITCHENS: Your Honor, my recollection of this is that it was an open plea. I don't think the, uh  I don't think the offer that the State made was, uh, one that the defense wanted to accept.
BY THE COURT: I think the State made several offers, but was there anything that you wanted to present by way of aggravation or mitigation or any statement that you wanted to make as far as sentencing is concerned.
BY MR. KITCHENS: Your Honor, the victim had indicated to us that he would  that he thought that twenty-five years in the department of corrections would be an acceptable sentence. This was the young man that had the gun pointed at him and, uh 
BY THE COURT: How long have you already been in prison?
A. Five years, sir.
BY MR. WILLIAMSON: Your Honor, something for the record as well, there are some letters that my client asked that the Court 
BY THE COURT: There are.
BY MR. WILLIAMSON:  review and take into consideration from, uh, friends and family members of his and, uh, just for the record as well, your Honor, in your rendition of the history of this file the lawyer that earlier was involved in this case 
BY THE COURT: Was not you.

*1137 * * * *
BY THE COURT: But in any event, Mr. Fowler has now pled guilty to armed robbery and attempted murder. It becomes incumbent on the Court to sentence this defendant. Whatever sentence I sentence him to, he of course is going to get credit against that sentence. Do you understand that?
A. Yes, sir.
BY THE COURT: Now, the most culpable defendant is the one with the firearm and the one that tried to kill the clerk, but there is culpability for all that join in this illegal act. The sentence of the law is in Count 1 which is the count of armed robbery that you be sentenced to serve a term of twenty-two years in the Mississippi Department of Corrections. In Count 2 the sentence of the law is that you be sentenced to serve a term of ten years in the Mississippi Department of Corrections, and these sentences are to run concurrently. You are to be given credit for the time you've already served. You may have a seat.
¶ 26. Since the trial judge failed to offer any reasons for the harsher sentence  based upon objective information concerning identifiable conduct or events involving Fowler which occurred after the time of the original sentencing proceeding that may have thrown new light upon Fowler's life, health, habits, conduct, or mental and moral propensities  the harsher sentence, under the authority of Ross, should not be allowed to stand. Consequently, I would follow the approach of the Ross court and order that Fowler's armed robbery sentence be changed to fifteen years, the initial sentence that was given him for this charge. I find nothing improper about the ten-year sentence given for the attempted murder conviction. Therefore, I would not disturb it.
KING, C.J., JOINS THIS SEPARATE WRITTEN OPINION.