ISHEE, J.,
for the Court.
¶ 1. Carlton Hudson’s motion for post-conviction relief was denied by the circuit court. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. Hudson and two accomplices robbed a convenience store in Starkville, Mississippi on February 11.1997. During the course of the robbery, one of Hudson’s accomplices placed a revolver to the store clerk’s head and pulled the trigger. The weapon malfunctioned and the clerk was not shot. Hudson and his accomplices then fled the store and were apprehended a short time later. Hudson was subsequently indicted for armed robbery and attempted murder.
¶ 3. Prior to trial, Hudson entered into a plea agreement with the State. In exchange for Hudson pleading guilty to the charge of armed robbery, the State recommended a fifteen-year sentence to the trial court and agreed to retire the attempted murder charge to the file. Hudson subsequently entered a guilty plea to the armed robbery charge in August 1997, and he was sentenced to a fifteen year term of incarceration in accordance with the plea agreement.
¶ 4. Hudson then filed a motion for post-conviction relief in the trial court on November 4, 2002. Hudson argued that he had received erroneous advice from his court appointed attorney as to the issue of parole. Prior to entering his guilty plea, Hudson was told by his attorney that he would be eligible for parole after serving ten years of his fifteen year sentence. Hudson’s attorney, however, was unaware that the law had changed and now required convicted armed robbers to serve every day of their sentence. See Miss. Code Ann. § 47-7-3 (Rev.2004). After determining that Hudson’s attorney had misstated the law, the trial court granted Hudson’s motion for post-conviction relief.
¶ 5. As a result, Hudson was permitted to withdraw his guilty plea to the armed robbery charge, and both the armed robbery charge and the attempted murder charge were placed back on the docket. Hudson and the State attempted to negotiate a plea agreement, however, none was ever reached. Nevertheless, in November 2001, Hudson entered guilty pleas to both the armed robbery charge and the attempted murder charge. Hudson’s sentencing was delayed in order for the trial court to consider the sentence that Hudson’s accomplice, the actual trigger man, was to receive in another court. The trigger man eventually received a twenty-two year sentence on the armed robbery charge and a concurrent sentence of ten years on the attempted murder charge. Hudson was subsequently sentenced to an identical term of incarceration in May 2002.
*844 ¶ 6. Hudson then filed another motion for post-conviction relief in the trial court asserting that “he was denied due process of law as a result of vindictiveness in the imposition of his sentence.” The trial court denied Hudson’s motion. Aggrieved by his sentence, Hudson now seeks post-conviction relief from this Court arguing the following: (1) whether Hudson was denied due process of law as a result of vindictiveness in the imposition of his sentence, and (2) whether the trial judge abused his discretion in failing to recuse himself given the nature of the issue raised in Hudson’s motion for post-conviction relief.
DISCUSSION
¶ 7. We begin our discussion with the standard of review. Where questions of law are at issue, this Court conducts a de novo review of a trial court’s denial of a motion for post-conviction relief, and we will not reverse the factual findings of the trial court unless they are clearly erroneous. Boddie v. State, 875 So.2d 180, 188(¶ 6) (Miss.2004).
¶ 8. Hudson argues here pro se, as he did in his motion to the trial court, that he was denied due process of law as a result of vindictiveness on the part of the trial judge in the imposition of his sentence resulting from his later guilty pleas. Hudson also asserts that the trial judge abused his discretion by failing to recuse himself from Hudson’s second motion for post-conviction relief.
¶ 9. As to Hudson’s first issue, vindictiveness, the Mississippi Supreme Court has held that “[t]he imposition of a harsher sentence by a judge following a new trial and conviction for the same charge is not violative of the federal, or Mississippi’s, Constitution.” Ross v. State, 480 So.2d 1157, 1160-61 (Miss.1985). The Mississippi Supreme Court further held that in order to assure on appeal that the sentence was not based on vindictiveness, the following must occur: the trial court must affirmatively state in the record the reasons for the harsher sentence; the trial court’s rationale must be based on identifiable conduct which may have shed new light on the defendant’s life, health, habits, conduct, or mental or moral propensities; and the factual data upon which the harsher sentence was based must be a part of the record. Id.
¶ 10. Based on a thorough review of the record, we conclude that the trial court acted appropriately, both in sentencing Hudson and in denying his motion for post-conviction relief. Consistent with Ross, the trial court affirmatively stated for the record the identifiable conduct which was the basis for its rationale in imposing a harsher sentence. Specifically, the trial court stated that, after the time of the original sentencing, Hudson withdrew his original guilty plea to the armed robbery charge, and then pled guilty to both the armed robbery charge and the attempted murder charge. This Court specifically finds no evidence in the record to support the claim that the trial court’s conduct was vindictive. Hudson’s sentencing conformed to the Ross requirements, and as a result, the trial court properly denied Hudson’s motion for post-conviction relief.
¶ 11. As to Hudson’s second argument, recusal, we find that this issue is procedurally barred from our review due to Hudson’s failure to raise this issue on direct appeal. See Miss Code Ann. § 99-39-21(1) (Supp.2004); Collins v. State, 822 So.2d 364, 366(¶4) (Miss.Ct.App.2002). This issue could have been determined in the trial court had it been raised on direct appeal, and Hudson has failed to make a sufficient showing of cause or actual preju *845 dice which would justify this Court granting a waiver to the statutory bar.
¶ 12. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., AND BRIDGES, J.