IRVING, J.,
DISSENTING.
¶ 13. This is a companion case to Fowler v. State, 919 So.2d 1129 (Miss.Ct.App.2005).[1] I authored a dissent in Folder because, in my judgment, the trial judge, in resentencing Fowler, failed to comply with the requirements of Ross v. State, 480 So.2d 1157 (Miss.1985). The same judge who resentenced Fowler resentenced Hudson. In neither case did the judge follow the guidelines in Ross which are designed to provide the appellate courts with an adequate basis for ascertaining whether the trial judge was motivated by vindictiveness in resentencing a defendant to a harsher sentence because of the defendant’s successful challenge of his first conviction and sentence. Id. at 1160.
¶ 14. In Ross, the Mississippi Supreme Court specifically held, inter alia, that to enable the appellate court to determine the absence of vindictiveness, the following must occur:
(a) The trial court must affirmatively state in the record his reasons for the harsher sentence.
(b) The reasons must be based upon objective information concerning identifiable conduct on the part of the defendant which occurred after the time of the original sentencing proceeding, or based upon objective information concerning events which occurred after the time of the original sentencing proceeding that may have thrown new light upon the defendant’s life, health, habits, conduct, or mental and moral propensities.
(c) The factual data upon which the increased sentence is based must be made a part of the record.
(d) This information and data upon which the judge bases his sentence may come to the judge’s attention from evidence adduced at the second trial itself, from a new presentencing investigation, from the defendant’s prison record, or possibly from other sources.
Ross, 480 So.2d. at 1160-1161 (emphasis added).
¶ 15. Here, as in Fowler, the trial judge resentenced Hudson to twenty-two years on the robbery conviction even though the initial sentence was only fifteen years. There is absolute nothing in the record which remotely resembles any identifiable conduct on the part of Hudson which occurred after the time of the original sentencing proceeding or any information concerning events which occurred after the time of the original sentencing proceeding that could be used to justify the harsher sentence. The operative word is “after.” The only information in this record regarding Hudson’s conduct after his initial sentence is Hudson’s feeble attempt to explain to the trial judge that Hudson had enrolled in some sort of school at the penitentiary in an attempt to rehabilitate himself following his incarceration under the initial sentence.
*846 ¶ 16. Therefore, for the reasons expressed herein and in my dissent in Fowler, I respectfully dissent. I would modify Hudson’s sentence to reflect the original sentence of fifteen years.
KING, C.J., AND BRIDGES, J., JOIN THIS SEPARATE WRITTEN OPINION.

. Carlton Hudson, Robert K. Fowler, along with another individual, were indicted for the robbery of Green Oaks Superette in Stark-ville. However, they were tried separately.