522 So.2d 762 (1988)
Robert Earl CLOWERS
v.
STATE of Mississippi.
No. 57403.
Supreme Court of Mississippi.
April 6, 1988.
*763 Merrida P. Coxwell, Jr., Stanfield, Carmody & Coxwell, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and GRIFFIN, JJ.
DAN M. LEE, Presiding Justice, for the Court:
This case presents questions concerning the propriety of a trial court's reduction of a statutory sentence for an habitual offender based upon a finding of disproportionality.
A jury in the Circuit Court of the First Judicial District of Hinds County convicted Clowers of uttering a forged $250 check. Following a hearing, the trial court found beyond a reasonable doubt that Clowers was an habitual offender. Instead of sentencing Clowers to the maximum of 15 years without possibility of parole as required under Miss. Code Ann. Section 99-19-81 (Supp. 1987) and Miss. Code Ann. Section 97-21-33 (1972), the trial court sentenced Clowers to five years without possibility of suspension, probation or parole, finding the mandated sentence to be disproportionate and cruel and unusual punishment. Clowers assigns two errors on appeal.
The state cross-appealed, assigning as error the trial court's refusal to sentence Clowers to 15 years without reduction, suspension, probation or parole, in accordance with Miss. Code Ann. Section 99-19-81 (Supp. 1987).
We find both of Clowers' assigned errors to be without merit, and we turn to the state's cross-appeal.
Following a jury verdict of guilty, the trial court held a sentencing hearing, during which the state introduced evidence that Clowers previously had been convicted of two crimes, burglary and larceny, and a prior charge of forgery, as alleged in the indictment. Clowers received a 10-year sentence with eight years suspended on the forgery conviction in 1982, and received a five-year sentence on the burglary and larceny charge in 1975, the sentence to run concurrently with yet a third sentence.
Also during this hearing the trial court heard testimony as to mitigating circumstances, apparently in reliance upon our decision in Presley v. State, 474 So.2d 612 (Miss. 1985). At the close of this hearing the trial court made the following statements:
BY THE COURT: Well, the situation that I'm faced with at the present time it's not a new one and my concern for several years in attempting to apply the habitual offender statute as established by the Legislature to reconcile the needs, as I see them, established by the Legislature and what I see is coming to mean to me is to be a clear violation of the Defendant's constitutional rights in this State. And I say that I want to emphasize that I'm aware that the Legislature in passing the habitual criminal statute were concerned with the sentencing by the courts of this state on those individuals who are repeatedly before the court *764 and are a repeated thorn in the side of society. And our courts, as well as the U.S. Supreme Court, has clearly indicated that the Legislature has this prerogative. I think by the Solem decision and by the Presley decision, the U.S. Supreme Court and the Mississippi Supreme Court is pointing out to the Legislature that they also have a duty to see that the  the maximum sentences are not disproportionate, not only as to the crime involved and the previous  the types of the previous convictions, but also with the  the maximum sentences to be applied to the other crimes in the State of Mississippi and also with the constitutional standards by comparing it with other jurisdictions in the United States. In my opinion, the Legislature has failed to do this. I personally have testified before committees of the Mississippi Legislature in their attempt to make a determination of what to do with the crowded conditions in the state penitentiary. I have pointed out to them this particular statute, that is, the maximum sentence for forgery. In my opinion, it is disproportionate to the maximum sentence for a more serious crime in the State of Mississippi. It's more serious  carries a higher maximum sentence than burglary, that is, business burglary and house burglary and carries the same maximum sentence for house burglary of an occupied dwelling and carries a higher maximum sentence than attempted murder and has a much higher sentence than grand larceny. Those are just some of the examples that I can state off the top of my head. In addition, when it's applied to a no parole situation, if  if the maximum sentence is applied, it requires that a defendant serve a longer sentence than an individual who's convicted off life sentence and receives a life sentence, that is, they're eligible for parole consideration after ten years. As I say, I find as a fact that the maximum sentence for forgery, as applied under the circumstances of this case would be disproportionate to sentences in other crimes set out in this jurisdiction and I think is a case where I'm required under Presley and under Solem to make a determination of what I feel would be an appropriate sentence to be served without parole under the circumstances of this particular case.
The state relies on Burt v. State, 493 So.2d 1325 (Miss. 1986), where this Court in another forgery case stated that once habitual offender status is proved, the trial court is without discretion and must sentence according to the maximum. The Court in Burt went on to find that any relationship between that particular case and Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), "is that of distant cousins and is not persuasive." 493 So.2d at 1330.
In Solem v. Helm the United States Supreme Court held that a criminal sentence must not be disproportionate to the crime for which the defendant is being sentenced. 463 U.S. at 290, 103 S.Ct. at 3009, 77 L.Ed.2d at 649. In the Solem opinion the Supreme Court set out objective factors which should guide proportionality analysis in each case: (1) the gravity of the offense and the harshness of the penalty; (2) comparison of the sentence with sentences imposed on other criminals in the same jurisdiction; (3) comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case. 463 U.S. at 290-91, 103 S.Ct. at 3011, 77 L.Ed.2d at 650.
In Presley v. State, 474 So.2d 612 (Miss. 1985), this Court in effect applied Solem v. Helm in the particular context of an armed robbery conviction where the defendant was subject to enhanced sentencing, but the jury did not return a verdict of life in prison. This Court discussed Solem v. Helm but reversed for a more complete sentencing hearing as required under Rules 6.02-6.04, Unif.Crim.R.Cir.Ct.Prac.
Whether a sentencing hearing under Presley is required turns on whether the trial court is vested with sentencing discretion. Here, by virtue of Burt and Miss. Code Ann. Section 99-19-81 (Supp. 1987), the trial court, as a matter of state statutory law, had no sentencing discretion. This does not end the discussion, however. *765 The fact that the trial judge lacks sentencing discretion does not necessarily mean the prescribed sentence meets federal constitutional proportionality requirements. Notwithstanding § 99-19-81, the trial court has authority to review a particular sentence in light of constitutional principles of proportionality as expressed in Solem v. Helm. That authority is a function of the Supremacy Clause. U.S. Const. Art. VI, cl. 2; Bolton v. City of Greenville, 253 Miss. 656, 666, 178 So.2d 667, 672 (1965). Here, the trial court properly invoked and exercised that authority as it reduced Clowers' sentence.
Our approval of the sentence in this case should not be taken to intimate that reduced sentences for habitual offenders might become the rule. Solem v. Helm does not represent a de facto grant of sentencing discretion, but, rather, ties proportionality to the three-step analysis outlined therein. This Court has found enhanced sentences for other crimes under Section 99-19-81 to be constitutionally sound under the particular circumstances. See Davis v. State, 510 So.2d 794, 797-98 (Miss. 1987) (30 years for sexual battery); Jenkins v. State, 483 So.2d 1330, 1333-34 (Miss. 1986) (20 years for arson). See also Burt, 493 So.2d at 1330. Generally, this will be the case because, as the Supreme Court acknowledged in Solem v. Helm, "`outside the context of capital punishment, successful challenges to the proportionality of a particular sentence [will be] exceedingly rare... .'" 463 U.S. at 289-90, 103 S.Ct. at 3009, 77 L.Ed.2d at 649 [emphasis in original]. We should give "substantial" deference to the Legislature in the present context, and, thus, extended analysis rarely will be necessary. 463 U.S. at 290, n. 16, 103 S.Ct. at 3009, 77 L.Ed.2d at 649.
What we hold today  and all we hold  is that the trial court did not commit reversible error in reducing what it found to be a disproportionate sentence under the facts of this case.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.