# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CP-00531-SCT

*BRIAN SNEED, a/k/a BRIAN ELLIS SNEED*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/31/97 |
| TRIAL JUDGE: | HON. ANDREW CLEVELAND BAKER |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | J. MICHAEL HORAN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/17/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/8/98 |

### BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.

### BANKS, JUSTICE, FOR THE COURT:

¶1. This pro se appeal is before the Court from an order entered by the Panola County Circuit Court denying appellant's Petition for Post-Conviction Relief. This appeal raises the following assignments of error: 1) the trial court erred by dismissing appellant's post conviction motion as time barred and successive; 2) the trial court should not have enhanced appellant's six-year negotiated sentence. We conclude that the court committed no error mandating reversal and affirm the denial of the Petition for Post- Conviction Relief.

### I.

¶2. Appellant, Brian Ellis Sneed, appeals from the Circuit Court of Panola County, Second Judicial District, where he pled guilty on July 13, 1993, to burglary as a habitual offender and was sentenced to a term of six years without the possibility of parole or reduction in sentence on August 18, 1993. His attorney of record, William J. Clayton, assisted Sneed. On September 1, 1995, Sneed filed a petition for post conviction relief in the circuit court, citing new evidence and ineffective assistance of

counsel. The order denying that motion was filed on December 5, 1995. On September 30, 1996, Sneed filed a motion to reconsider his post conviction motion which was denied by the Circuit Court on December 2, 1996.

¶3. Sneed then filed a Notice of Appeal in the Circuit Court on December 16, 1996. This notice was accompanied by motions to proceed *in forma pauperis* and for appointment of counsel. The Circuit Court filed its order denying these motions on January 30, 1997.

¶4. On February 6, 1997, Sneed filed a Motion to Set Aside Order Denying Motion to Reconsider Post Conviction Relief, but the Circuit Court denied the motion on February 25, 1997. Sneed filed a motion to proceed on appeal out of time and related motions with this Court. That motion and related motions were denied by this Court by order dated May 22, 1997 in cause number 96-1372.

¶5. On March 14, 1997, Sneed filed for post conviction relief to correct his sentence claiming his sentence has expired due to improper enhancement under § 99-19-81. This motion was denied by an order filed by the Circuit Court on April 3, 1997 as time barred pursuant to Miss. Code Ann. § 99-39-5(2) (1972) and successive in nature pursuant to Miss. Code Ann. § 99-39-23(6) (1972). Appellant filed a notice of appeal from that order on April 18, 1997.

¶6. Sneed filed an untimely Motion to Reconsider/Set Aside Order Denying Motion to Correct Sentence on June 30, 1997. The Circuit Court denied the motion to reconsider but granted his request to appeal *in forma pauperis* to the Mississippi Supreme Court on July 18, 1997.

## II.

### a.

¶7. Sneed claims that the trial court erroneously dismissed his post conviction motion as time-barred by the three-year time limitation under § 99-39-5(2) and successive in nature under § 99-39-23. Sneed brought his motion for post conviction relief before this Court pursuant to § 99-39-5, the Mississippi Uniform Post Conviction Relief Act. This motion is procedurally barred for several reasons.

¶8. This motion is prohibited by Miss. Code Ann. § 99-39-27(9) (Supp. 1998) which provides, "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." The record reflects that Sneed brought his initial motion for post conviction relief on September 1, 1995. That motion was considered and denied by the Circuit Court on December 5, 1995. No timely appeal was taken from that order and appeal out-of-time has been denied. Consequently, Sneed is barred from bringing a successive motion.

¶9. Sneed's motion is also time barred as it does not fall within the allotted three (3) year time limitation. Section 99-39-5(2) Miss. Code Ann. states in part: "A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Supp. 1998). The judgment of conviction of Sneed was entered by the Circuit Court of Panola County for the Second Judicial District on August 16, 1993. The motion here in question was filed in March 1997 almost four years

after he had pleaded guilty. Thus, Sneed's motion is time barred as well.

¶10. Sneed argues that his sentence has expired, providing an exception to the procedural bar relying on Miss. Code Ann. § 99-39-23 (6) (Supp. 1998) which provides that such claims are excepted from the time and successive writ bars. He was sentenced to six (6) year's imprisonment by the lower court without eligibility for good time, parole, administrative reduction of sentence or any other early release. Sneed contends his habitual offender sentence was illegal and had he received the non-habitual offender penalty, the sentence term would have expired on August 18, 1996.[1] Sneed essentially argues that the sentence he should have received has expired.

¶11. This is obviously not a claim that the sentence has expired. It is a claim that the sentence is somehow incorrect or illegal. This claim is not excepted from the time bar by virtue of the statute. This Court has carved an exception to these procedural bars, however, where it found it necessary to protect fundamental rights. The right to be free from an illegal sentence has been found to be fundamental. *United States v. Sine*, 461 F.Supp. 565, 568 (D.S.C. 1978). However, there is no merit to the claim that the sentence Sneed received is illegal and he is not entitled to a correction.

### b.

¶12. Sneed asserts that the trial court erred in enhancing his six-year plea-negotiated sentence under § 99-19-81. He maintains that the lower court waived its authority to impose its sentence under the habitual offender statute because the trial judge deviated from the statute's mandatory sentence of ten years. Sneed's second issue is meritless. The trial court cited *Clowers* in its order denying Sneed's Motion to Correct Sentence on April 3, 1997. This Court noted in *Clowers* that notwithstanding § 99-19-81, the trial court has authority to review an habitual offender sentence in light of constitutional principles of proportionality and to reduce the maximum sentence on the basis that mandated sentence was disproportionate and cruel and unusual punishment. *Clowers v. State*, 522 So. 2d 762, 765 (Miss. 1988). The Court concluded that the trial court did not commit reversible error in reducing what it found to be a disproportionate sentence. *Id*. at 765. Sneed pled guilty as an habitual offender. The trial court exercised its discretion and accepted the State's recommended sentence of six years' imprisonment without probation under the statute as opposed to the statute's mandatory penalty of ten years' imprisonment without probation. Though the record is free of a disproportionate sentence analysis, it is also free of evidence of a direct appeal to this Court immediately following the initial sentencing. The absence of analysis does not render the sentence illegal. At best, it renders it vulnerable to attack by the prosecution. Therefore, the lack of disproportionate sentencing analysis is not fatal to the sentence. The lower court correctly acted within its discretion and was not in error.

### III.

¶13. For the foregoing reasons, the judgment of the Circuit Court is affirmed.

¶14. **DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. Sneed asserts that he would have earned time allowance of one half of the six year sentence absent the habitual offender enhancement.