CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Nigel Davis pled guilty to two counts of uttering a forgery. The circuit court accepted Davis’s plea. Davis timely filed a motion for post-conviction relief, which the circuit court denied. Davis timely appeals. We find no error and affirm the circuit court’s judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On September 5, 2005, Davis pled guilty to two counts of uttering a forgery in violation of Mississippi Code Annotated section 97-21-59 (Rev.2006). Section 97-21-59 provides that:
 

 Every person who shall be convicted of having uttered or published as true, and with intent to defraud, any forged, altered, or counterfeit instrument, or any counterfeit gold or silver coin, the forgery, altering, or counterfeiting of which is declared by the provisions of this chapter to be an offense, knowing such instrument or coin to be forged, altered, or counterfeited, shall suffer the punishment herein provided for forgery.
 

 ¶ 3. An Adams County grand jury indicted Davis in January 2002, when Mississippi Code Annotated section 97-21-33 (Rev. 2000)
 
 [1]
 
 read as follows:
 

 Persons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two ... years nor more than fifteen ... years, provided, however, that when the amount of value involved is less than ... $100 ... in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than twelve ... months, within the discretion of the court.
 

 ¶ 4. After Davis entered his guilty plea, the prosecutor, Thomas Rosenblatt, made the following comment:
 

 Your Honor, by way of background, as the Court is aware based on a previous motion that this defendant made before the Court, there are a large number of charges, all of a similar nature, forgeries passed by this defendant in a number of jurisdictions across the state; and there is something of an on-going investigation in this matter.
 

 ¶ 5. The prosecutor and Davis engaged in the following exchange:
 

 
 *1151
 
 Rosenblatt: It’s come to light that here has been involvement by a Jamie Thomas in this case; it’s been alleged that there’s another woman involved in the case who may have either some of the checks or have some knowledge of the checks. Do you know who that might be at this time?
 

 Davis: I’m not familiar with that.
 

 Rosenblatt: The checks that you passed that you created from the Field Memorial Community Hospital bear a striking resemblance to some checks also issued by Alcorn State University. Do you know of any connection between what you have done ... and Alcorn State University?
 

 Davis: No, I don’t. No, sir.
 

 ¶ 6. Following this conversation, the circuit court judge questioned Davis about how he obtained checks from Field Memorial Hospital:
 

 Court: How did you get checks from Field Memorial Hospital?
 

 Davis: Actually a friend of mine from Los Angeles told me about the process which you can make them for yourself, and I learned the process from the [sic]; and I basically went through the phone book and picked a hospital. It didn’t necessarily have to be Field Memorial; I just picked out Field Memorial. And I used the routing number off of one my checks when I worked at MCI World-corn and changed the numbers around, and I basically used the computers to create them. The program itself can be bought at Staples, you know, any type of store, stationary [sic] store, like Office Depot or Staples and the checks themselves, the blank checks themselves. Court: And how did you happen to get to Natchez?
 

 Davis: Actually I just came through, and I saw the — -I remembered it when I came through. I had been to the boat, and it’s just the first place that I brought them to. But I don’t have any relatives down here.
 

 ¶ 7. Later, the circuit court judge asked the prosecutor if he knew how many other jurisdictions were “waiting on Davis.” The prosecutor stated that at least ten or twelve different counties expressed interest in Davis. The prosecutor then stated that: “At some point it’s up to them to decide it’s not worth their while to bring [Davis] back[.] [T]hat his punishment has already been meted out to him[.] [B]ut that’s something for them to decide, I suppose.”
 

 ¶ 8. Before the circuit court judge sentenced Davis, Davis apologized and asked the court for mercy. The circuit court judge then sentenced Davis and stated the following:
 

 Mr. Davis, sometimes people jump in with both feet, and that’s what you did[.] [Y]ou just jumped into the water[.] [Y]ou didn’t test it to see if it was hot or cold; you just jumped in. The [c]ourt at this time is going to sentence you — and this is a rarity for me, but I think your crime dictates it[.] [T]he [c]ourt is going to sentence you to the maximum sentence of fifteen ... years in the Mississippi Department of Corrections on each count to run concurrent[ly].
 

 ¶ 9. On May 1, 2007, Davis filed a motion for post-conviction relief, which the circuit court denied. Davis timely appeals and lists three assignments of error: (1) prose-cutorial misconduct during sentencing, (2) disproportionate sentencing, and (3) ineffective assistance of counsel. Davis states the following in his pro se brief:
 

 [H]ad his attorney objected to the [S]tate’s misconduct (at sentencing); perhaps the trial court would have been mindful of the irrelevancy of the information being interjected by the State,
 
 *1152
 
 the actual prejudice it would create, and that Davis was to be sentenced only for what he has pled guilty to.
 

 ¶ 10. Finding no error, we affirm the circuit court’s denial of Davis’s motion for post-conviction relief.
 

 STANDARD OF REVIEW
 

 ¶ 11. This Court will not disturb a circuit court’s decision to deny a motion for post-conviction relief unless the circuit court’s findings are clearly erroneous.
 
 Boyd v. State,
 
 926 So.2d 233, 234(¶2) (Miss.Ct.App.2005). However, we review questions of law de novo.
 
 Id.
 

 DISCUSSION
 

 I. Davis’s Sentence
 

 ¶ 12. Davis alleges that the circuit court imposed upon him an unconstitutional and disproportionate sentence pursuant to Solem
 
 v. Helm,
 
 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983),
 
 overruled by Harmelin v. Michigan,
 
 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). The State, in turn, contends that because Davis’s sentence falls within the prescribed limits of section 97-21-33, it is neither unconstitutional nor disproportionate.
 

 ¶ 13. We review a trial court’s imposition of a sentence under an abuse of discretion standard. “Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.”
 
 Nichols v. State,
 
 826 So.2d 1288, 1290(¶ 10) (Miss.2002) (citation omitted).
 
 [2]
 

 A. Sentencing Factors and Considerations
 

 ¶ 14. Davis alleges that the circuit court improperly and unfairly considered other pending charges of uttering that he faced in other jurisdictions when it sentenced him. First, we note that “[tjhere are at least four generally recognized factors that any sentencing judge should consider in the exercise of discretionary sentencing ...: (1) [rehabilitation; (2) [r]etribution; (3) [separation from society; and, (4) [deterrence, both general and specific.”
 
 Taggart v. State,
 
 957 So.2d 981, 994(¶31) (Miss.2007). Moreover, the judge, “in exercising individualized sentencing, [can consider] all information that the judge may have on the particular defendant.
 
 ...” Id.
 

 [3]
 

 ¶ 15. We find the above principle well illustrated in
 
 Fowler v. State,
 
 919 So.2d 1129, 1131-33 (¶¶ 10-14) (Miss.Ct.App.2005). In
 
 Fowler,
 
 we held that the trial court did not err in considering the defendant’s indictment for attempted murder when it sentenced him for armed robbery.
 
 Id.
 
 We explained our holding in the following manner:
 

 When Fowler entered his first guilty plea and the judge sentenced Fowler to fifteen years for armed robbery, there was no indication that the judge was aware that the State also indicted Fowler for attempted murder. At the second sentencing hearing the judge was made aware of new evidence that led him to believe that Fowler’s conduct was more heinous than he originally realized.... [T]his new evidence threw new light
 
 *1153
 
 upon Fowler’s life, health, habits, conduct, and mental or moral propensities.
 

 Id.
 
 at 1131 — 32(¶ 10). The Court further stated that:
 

 Although the judge did not explicitly state that he was imposing a harsher sentence for armed robbery because of the new evidence at the sentencing hearing, the judge did impose this enhanced sentence immediately after declaring that Fowler was guilty of attempted murder. In
 
 [Alabama v.] Smith,
 
 490 U.S. [794,] 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 [ (1989) ], the Supreme Court held that the presumption of vindictiveness must be limited to those situations in which there is a “reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority[;][w]hen there is no such reasonable likelihood, the burden of proof remains on the defendant^]” ([q]uoting
 
 United States v. Goodwin,
 
 457 U.S. 368, 373, 102 S.Ct. 2485, 73 L.Ed.2d 74, ... (1982)). Under these particular facts, we are unable to find that the circuit judge’s enhanced sentence for armed robbery was the result of vindictiveness. Therefore, we affirm.
 

 Id.
 
 at 1133(¶ 14).
 
 [4]
 

 ¶ 16. In sum, our case law generally holds that “[i]n sentencing, the trial court has ‘broad discretion in the things it is able to consider’ and ‘may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information it may consider, or the source from which it may come.’ ”
 
 Waldon v. State,
 
 749 So.2d 262, 268(¶ 19) (Miss.Ct.App.1999) (quoting
 
 Evans v. State,
 
 547 So.2d 38, 41 (Miss.1989)).
 

 ¶ 17. Here, the circuit court appeared to largely rely on the fact that Davis engaged in a “malicious scheme” to defraud merchants by using a computer program to create counterfeit checks. In line with the proscribed sentencing factors as provided in
 
 Taggart
 
 and the holding of
 
 Fowler,
 
 we cannot find that the circuit court abused its discretion in considering the pending charges against Davis when it sentenced Davis within the statutory limits provided in section 97-21-33.
 
 Taggart,
 
 957 So.2d at 994-95(¶31);
 
 Fowler,
 
 919 So.2d at 1131-33 (¶¶ 10-14).
 
 [5]
 

 ¶ 18. This issue lacks merit.
 

 B. Disproportionality
 

 ¶ 19. In
 
 Solem,
 
 463 U.S. at 292, 103 S.Ct. 3001, the United States Supreme Court established a three-part test for an Eighth Amendment disproportionality analysis: “(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.”
 
 Nichols,
 
 826 So.2d at 1290(¶ 11) (citing
 
 Solem,
 
 463 U.S. at 290-92,103 S.Ct. 3001).
 

 
 *1154
 
 ¶ 20. In
 
 Harmelin,
 
 501 U.S. at 965, 111 S.Ct. 2680, the Supreme Court overruled its holding in
 
 Solem
 
 to the extent that
 
 Solem
 
 held there was any proportionality guarantee in the Eighth Amendment. In
 
 Nichols,
 
 the Mississippi Supreme Court explained the
 
 Harnielin
 
 holding in the following manner:
 

 In light of
 
 Harnielin,
 
 it appears that
 
 Solem
 
 is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of “gross disproportionality....” The appellate courts will not apply the three-prong disproportionality test when there is a lack of this initial showing.... This Court has held that a sentence that is within the statutorily defined parameters of the crime, usually is upheld and not considered cruel and unusual punishment. ...
 

 Nichols,
 
 826 So.2d at 1290(¶ 12).
 
 [6]
 

 ¶ 21. In the case at bar, Davis pled guilty to two counts of uttering a forgery, and the trial court sentenced him within the proscribed statutory limits pursuant to section 97-21-33. However, Davis asserts that his sentence is disproportionate to the crimes to which he pled guilty. Under section 97-21-33, the circuit court possessed the authority to sentence Davis to a maximum of two
 
 consecutive
 
 fifteen-year terms, as well order him to pay restitution. Instead, the circuit court sentenced Davis to serve two
 
 concurrent
 
 fifteen-year terms and did not order him to pay any restitution. “This Court has held that “where a sentence does not exceed statutory limits, it does not constitute cruel and inhuman treatment.” ”
 
 Nichols,
 
 826 So.2d at 1292(¶ 17).
 

 ¶ 22. Because Davis’s sentence fell within the statutory limits proscribed pursuant to section 97-21-33, Davis’s sentence does not lead this Court to an inference of gross disproportionality.
 
 See id.
 
 at 1290(¶ 12). Therefore, we do not find any proportionality analysis necessary.
 
 See id.
 

 ¶ 23. This issue lacks merit.
 

 II. Ineffective Assistance of Counsel
 

 ¶ 24. Davis argues that he received ineffective assistance of counsel when his defense counsel failed to object to the State’s remarks regarding other charges pending against him in other jurisdictions. In turn, the State contends that Davis’s defense counsel possessed no reason to object to legitimate sentencing considerations when the imposed sentence fell within the limits proscribed by statute.
 

 ¶ 25. For an ineffective assistance of counsel claim to succeed, a defendant must satisfy the two-pronged test established in
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 Stringer v. State,
 
 627 So.2d 326, 328 (Miss.1993). The test requires that the defendant first show that his counsel’s performance was deficient; he then must show that his counsel’s deficient performance prejudiced his defense.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990) (citing
 
 Strickland,
 
 466 U.S. at 687, 104 S.Ct. 2052). Further, the defendant must overcome the “strong presumption that counsel’s conduct falls within a broad range of
 
 *1155
 
 reasonable professional assistance.”
 
 Id.
 
 (citing
 
 Gilliard v. State,
 
 462 So.2d 710, 714 (Miss.1985)).
 

 ¶ 26. Our review of the record reflects no obvious deficient performance by Davis’s defense counsel.
 
 See Strickland,
 
 466 U.S. at 687, 104 S.Ct. 2052. We note at the outset that the decision to make particular objections falls within the ambit of trial strategy and “cannot give rise to an ineffective assistance of counsel claim.”
 
 Spicer v. State,
 
 973 So.2d 184, 203(¶69) (Miss.2007) (citation omitted). Moreover, in light of the sentencing factors provided in
 
 Taggart
 
 and the holding in
 
 Fowler,
 
 Davis’s counsel possessed no reason to object to legitimate sentencing considerations.
 
 Taggart,
 
 957 So.2d at 994-95(¶ 31);
 
 Fowler,
 
 919 So.2d at 1131-33 (¶¶ 10-14).
 

 ¶ 27. In turning again to the facts of this case, we point out that in consideration of Davis’s guilty plea to two counts of uttering a forgery, the State agreed to drop two other charges of uttering a forgery. If the State chose to prosecute Davis for all four charges, Davis faced a maximum sentence of sixty years. Moreover, we cannot find from the record before us that Davis’s sentence would have been different had defense counsel objected to the State’s commentary regarding other charges pending against Davis.
 
 See Strickland,
 
 466 U.S. at 687, 104 S.Ct. 2052.
 

 ¶ 28. For the reasons stated above, we find that Davis failed to demonstrate that he received ineffective assistance of counsel.
 

 ¶ 29. This issue lacks merit.
 

 ¶ 30. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . The current version of Mississippi Code Annotated section 97-21-33 (Rev.2006), which the Legislature changed to its present form on July 1, 2003, provides:
 

 Persons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two ... years nor more than ten ... years, or by a fine of not more than ... $10,000 ..., or both; provided, however, that when the amount of value involved is less than ... $500 ... in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than six ... months, or by a fine of not more than ... $1,000 ..., or both, within the discretion of the court.
 

 [2]
 

 . We note that the United States Supreme Court has stated that sentences of gross dis-proportionality may be reviewed; however, we find no gross disproportionality in this case.
 
 See Harmelin,
 
 501 U.S. at 965, 111 S.Ct. 2680.
 

 [3]
 

 .
 
 See also
 
 URCCC 11.01 (providing the time and manner for sentencing a defendant); URCCC 11.02 (discussing parameters of pre-sentence investigation and report, which may include "[a] description of the offense and the circumstances surrounding
 
 it....”).
 

 [4]
 

 .
 
 See also Williamson v. State,
 
 388 So.2d 168, 170 (Miss.1980) (stating that the trial court did not abuse its discretion in considering information that the defendant sold a controlled substance, an unindicted offense, when it sentenced the defendant for selling marijuana).
 

 [5]
 

 . Davis also alleges that the State engaged in prosecutorial misconduct during sentencing when the State made comments regarding other pending charges of uttering a forgery that Davis allegedly faced in other jurisdictions. Because Davis failed to make a specific, contemporaneous objection to the statements at issue, Davis waived this issue on appeal.
 
 Waldon,
 
 749 So.2d at 268(18). Procedural bar notwithstanding, pursuant to
 
 Taggart,
 
 957 So.2d at 994-95(31) and
 
 Fowler,
 
 919 So.2d at 1131-33 (¶¶ 10-14), we find that this issue lacks merit.
 

 [6]
 

 . In addition to
 
 Solem,
 
 Davis cites to
 
 Clowers v. State,
 
 522 So.2d 762, 763-65 (Miss.1988), in support of his argument on this issue. In
 
 Clowers,
 
 the Mississippi Supreme Court affirmed a circuit court's decision to depart from the mandatory sentence required for a habitual offender convicted of forgery.
 
 Id.
 
 The circuit court felt that the mandatory sentence in that case was disproportionate to the crime.
 
 Id.
 
 However, this Court previously held with respect to the holding in
 
 Clowers,
 
 that
 
 "Clowers
 
 is 'not the rule, but the exception.' "
 
 Oby v. State,
 
 827 So.2d 731, 734(¶ 9) (Miss.Ct.App.2002) (citing
 
 Bell v. State,
 
 769 So.2d 247, 252(¶ 12) (Miss.Ct.App.2000)).