ROBERTS, J.,
specially concurring.
¶ 22. I concur with the majority’s decision to affirm the judgment of the circuit court, but I write separately to express my opinion that Felix Perkins’s sentence was patently unlawful. There has been no cross-appeal by the State under Mississippi Code Annotated section 99-35-103(c) (Rev.2007) so we have no authority to re *663 mand this matter for correct sentencing, yet I write separately to voice my concerns over some of our state’s judges’ declination to fastidiously follow the sentencing mandates of our statutes.
¶ 23. Perkins was indicted under Mississippi Code Annotated section 41-29-142(1) (Rev.2005) for selling cocaine, a Schedule II controlled substance as listed in Mississippi Code Annotated section 41-29-115(A)(a)(4) (Rev.2009), within 1,500 feet of a church and' as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). At the sentencing phase of Perkins’s trial, the State presented evidence that Perkins had previously been indicted for burglary of a dwelling, to which he entered a guilty plea and was sentenced to four years in the custody of the Mississippi Department of Corrections (MDOC). In addition, the State presented evidence that Perkins had previously been indicted for four counts of uttering forgery, and the State presented evidence of the sentencing judgment for the four counts of forgery, to which Perkins was sentenced to six years in the custody of the MDOC, with three years to serve and three years suspended. Without a doubt, Perkins was a habitual offender under section 99-19-81.
¶ 24. After the circuit court received the State’s exhibits into evidence, the State requested that Perkins be sentenced in accordance with section 99-19-81, as well as section 41-29-142, which would have resulted in a sixty-year sentence for Perkins. In response to the circuit court’s solicitation of input from the defense, Perkins acknowledged that section 99-19-81 left the circuit court no discretion and argued that the circuit court was authorized to sentence Perkins to the maximum sentence allowed of thirty years under section 41-29-139(b) (Rev.2005), but he suggested that the circuit court maintained discretion as to the enhancement as provided by section 41-29-142. Perkins requested that the circuit court decline to apply the statute’s enhancement, urging that thirty years without parole would be sufficient and sixty years would be too harsh.
¶ 25. The circuit court then asked the State whether it thought that the enhancement provided by section 41-29-142 was discretionary, to which the State opined that it thought section 99-19-81 compelled a circuit court to sentence the defendant to the maximum sentence allowed with the enhancement as provided by section 41-29-142. The circuit court disagreed, and determined that it was discretionary whether to impose the enhancement. The circuit judge went on to state the following: “The defendant is [forty-four] years old. Frankly[,] the [c]ourt does feel that a [thirty]-year sentence without the eligibility for parole is sufficient punishment on this. The defendant will be required to serve one hundred percent of the time with no good time or allowance of parole.” (Emphasis added). I disagree with the circuit court’s interpretation of these statutes.
¶ 26. Mississippi Code Annotated section 41-29-142(1) (Rev.2009) states in relevant part: “[a]ny person who violates or conspires to violate [s]ection 41-29-139(a)(1) ... by selling ... [or] transferring ... a controlled substance, ... within ... (1,500) feet of ... any church ... may be punished by a term of imprisonment or a fine, or both, of up to twice that authorized by [s]ection 41-29-139(b).”
¶ 27. Mississippi Code Annotated section 41-29-139(b)(l) (Rev.2009) provides that a person convicted of selling cocaine, a Schedule II controlled substance, may be imprisoned for not more than thirty years, and shall be fined not less than $5,000 nor more than $1,000,000. The jury specifical *664 ly found Perkins guilty of selling cocaine within 1,500 feet of a church, thereby triggering the enhancement provision provided for by section 41-29-142.[7] Therefore, the maximum sentence allowed for selling cocaine within 1,500 feet of a church is sixty years. There can be no doubt that the circuit judge would have had the authority to sentence Perkins up to sixty years’ imprisonment if Perkins was not a habitual offender. Now one must consider section 99-19-81, the habitual-offender statute.
¶ 28. Section 99-19-81 provides that:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
(Emphasis added). Accordingly, I find that, whereas section 41-29-142 authorized the circuit court with discretion to double the maximum punishment provided by section 41-29-139(b), section 99-19-81 took the sentencing discretion away from the court, at least to the extent of deviating from the sixty-year maximum.
¶29. Our system of government dictates that the legislative branch of the government writes the laws, and as long as the laws are in place and they have not been determined to be unconstitutional, it is irrelevant whether we “feel” the laws are too harsh. Therefore, I must reiterate my position, which was stated in Lamar v. State, 983 So.2d 364, 372-73 (¶¶ 31-32) (Miss.Ct.App.2008) (Roberts, J., specially concurring):
The Mississippi Legislature has clearly removed discretion from sentencing as to the duration of sentences in the context of habitual offenders. As a matter of public policy, the Legislature has determined that certain repeat offenders represent serious threats to the public safety. The Legislature requires that habitual offenders be given the maximum authorized sentence; and they may not receive a suspended sentence, probation, parole, earned-time credit, nor any form of early release.
We as members of the judicial branch of the government, interpret and follow the laws. We do not, and cannot, rewrite them to our liking. Circuit court judges of this state are bound by their oaths to impose lawful sentences upon convicted felons. Pursuant to Article 6, Section 155 of the Mississippi Constitution, before taking office all judges must swear or affirm, among other things, to “discharge and perform all duties incumbent upon him or her ... agreeably to the Constitution of the United States and the Constitution and laws of the State of Mississippi.... Our circuit court judges must remain faithful to their oaths to follow the law when sentencing offenders.”
¶ 30. I hasten to acknowledge that “[t]he fact that the trial judge lacks sentencing discretion does not necessarily *665 mean the prescribed sentence meets federal constitutional proportionality requirements. Notwithstanding [section] 99-19-81, the trial court has authority to review a particular sentence in light of constitutional principles of proportionality as expressed in Solem v. Helm.”[8] Clowers v. State, 522 So.2d 762, 765 (Miss.1988). However, in the instant case, the defendant did not raise the constitutional issue and the circuit court made no determination that the statutorily-mandated sentence violated the Eighth Amendment’s prohibition against cruel and inhuman punishment. As a habitual offender convicted of selling cocaine within 1,500 feet of a church, Perkins faced a maximum allowable sentence of sixty years. Pursuant to section 99-19-81, Perkins was to serve the maximum allowable sentence. Although I personally believe that a sixty-year mandatory sentence in this case is quite harsh, it is the only sentence that could lawfully be imposed on Perkins.
GRIFFIS, J., JOINS THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.

. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis added).

. The United States Supreme Court set forth certain factors for trial courts to consider when determining whether a sentence imposed by statute was constitutional. The Supreme Court stated: “In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.” Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (overruled in part Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)).