LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Christopher M. Byrne was charged with one count of conspiracy, one count of felony shoplifting, and one count of attempted felony shoplifting. On December 5, 2007, in the DeSoto County Circuit Court, Byrne entered a guilty plea to the conspiracy charge and to the attempted felony shoplifting charge. Byrne was sentenced as a habitual offender to serve five years in the Mississippi Department of Corrections on the conspiracy charge and ten years’ post-release supervision on the attempted felony shoplifting charge. The felony shoplifting charge was remanded to the files.
 

 ¶ 2. Byrne subsequently filed a motion for post-conviction relief wherein he argued his sentence was illegal and his trial counsel was ineffective. The trial court denied his motion for post-conviction relief, finding that Byrne’s sentence was legal and that Byrne had failed to prove his trial counsel was ineffective. Byrne now appeals, asserting the following issues: (1) the trial court erred in sentencing him as a habitual offender; (2) he received ineffective assistance of counsel; and (3) the trial court should have granted an evidentiary hearing. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. HABITUAL-OFFENDER STATUS
 

 ¶4. In his first issue on appeal, Byrne argues that the trial court erred in sentencing him as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007). Byrne argues that the State failed to prove that he had been convicted twice previously of a felony. Byrne contends that his prior felony convictions from Tennessee were not served in a Tennessee Department of Corrections (TDOC) facility, but rather in a workhouse; thus, he did not qualify as a habitual offender. The certified pen pack from the State of Tennessee specifically states that Byrne was committed to the TDOC. However, we note that “an individual is not required to have actually served any prison time in order to be sentenced as a habitual offender.”
 
 Davis v. State,
 
 5 So.3d 435, 441 (¶ 14) (Miss.Ct.App.2008). Regardless of where or how Byrne served his prior sentences, his prior felony convictions met the requirements of section 99-19-81, namely that he had two prior, separate convictions for which he was sentenced to terms of one year or more in a state and/or federal penal institution. This issue is without merit.
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 5. In his second issue on appeal, Byrne argues that his trial counsel was ineffective for failing to investigate the Tennessee convictions. Prisoners alleging ineffective assistance of counsel in a petition for post-conviction relief must show the elements of the claim with specificity and detail.
 
 Sandifer v. State,
 
 799 So.2d 914, 918 (¶ 12) (Miss.Ct.App.2001). Specifically, Byrne must allege facts showing his counsel’s performance was deficient, and that the
 
 *1266
 
 deficient performance prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 ¶ 6. Byrne has failed to meet his burden in proving deficiency and any resulting prejudice. As previously stated, the two prior Tennessee convictions were sufficient to meet the requirements of section 99-19-81, regardless of where his time was served. There was nothing for Byrne’s trial counsel to investigate regarding the Tennessee convictions. This issue is without merit.
 

 III. EVIDENTIARY HEARING
 

 ¶ 7. In his third issue on appeal, Byrne argues that he was entitled to an evidentiary hearing. “[T]he trial court is not required to grant an evidentiary hearing on every petition it entertains.”
 
 McMillian v. State,
 
 774 So.2d 454, 456 (¶ 6) (Miss.Ct.App.2000). “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.” Miss.Code Ann. § 99-39-11(2) (Supp.2009). In its order denying post-conviction relief, the trial court stated that it reviewed the pleadings and the court files and determined that no eviden-tiary hearing was necessary. We can find no error committed by the trial court in deciding not to grant an evidentiary hearing. This issue is without merit.
 

 ¶ 8. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.