KITCHENS, Justice,
Objects With Separate Written Statement:
¶ 1. With respect, I object to today’s order dismissing this case after grant of certiorari, because Madden received and is serving an illegal sentence, as explained below.
¶ 2. The imposition of an illegal sentence constitutes an exception to the pro *469 cedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Rowland v. State, 98 So.3d 1032, 1036 (Miss.2012) (citing Ivy, 731 So.2d at 603; Kennedy, 732 So.2d at 186-87; Luckett v. State, 582 So.2d 428, 430 (Miss.1991) overruled by Rowland v. State, 42 So.3d 503 (Miss.2010); Grubb v. State, 584 So.2d 786, 789 (Miss.1991)). “Like a double-jeopardy claim, a claim of illegal sentence or denial of due process in sentencing also must be considered regardless of when it is raised, because the State is without authority or right to impose a sentence illegally or without due process of law.” Rowland, 98 So.3d at 1036.
¶ 3. Madden was sentenced as an habitual offender to fifteen years in the custody of the Mississippi Department of Corrections pursuant to Mississippi Code Section 99-19-81. The trial court ordered that the sentence be served day-for-day: “[t]he sentence shall not be reduced or suspended nor shall such person be eligible for parole as provided in Section 99-19-81.... ” But Madden had pled guilty to transfer of a Schedule II controlled substance in violation of Mississippi Code Section 41-29-139(a)(l) (Rev.2013). Transfer of a Schedule II controlled substance carries a thirty-year maximum sentence. See Miss.Code Ann. § 41-29-139(b)(l) (Rev. 2013) (“In the case of controlled substances classified in Schedule I or II ... such person may, upon conviction, be imprisoned for not more than thirty (30) years....”)
¶ 4. Mississippi Code Section 99-19-81 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss.Code Ann. § 99-19-81 (Rev.2007) (emphasis added). Under Section 99-19-81, the trial court was bound to sentence Madden to a term of thirty years, day-for-day. Instead, Madden’s sentence was fifteen years, day-for-day.
¶ 5. This Court has held that, “by virtue of ... Section 99-19-81 (Supp.1987), the trial court, as a matter of state statutory law, has no sentencing discretion.” Clowers v. State, 522 So.2d 762, 764 (Miss.1988). However, “[t]his does not end the discussion.... ” Id. In Clowers, the trial court had sentenced Clowers as an habitual offender under Mississippi Code Section 99-19-81 “to five years without possibility of suspension, probation or parole.” Id. at 763. The maximum sentence for Clowers’s crime, uttering a forged $250 check, was fifteen years. Id. The trial court had found that a fifteen-year sentence was so disproportionate as to amount to cruel and unusual punishment. Id. The trial court had opined:
In my opinion, it is disproportionate to the maximum sentence for a more serious crime in the State of Mississippi. It’s more serious — carries a higher maximum sentence than burglary, that is business burglary and house burglary and carries the same maximum sentence for house burglary of an occupied dwelling and carries a higher maximum sentence than attempted murder and has a much higher sentence than grand larceny.
Id. at 764.
¶ 6. This Court held that the trial court had not committed reversible error in re- *470 during what it had found to be a disproportionate sentence. Id. at 765. Nevertheless, the Court admonished- Bench and Bar that “[o]ur approval of the sentence in this case should not be taken to intimate that reduced sentences for habitual offenders might become the rule” and noted that “Solem v. Helm does not represent a de facto grant of sentencing discretion, but, rather ties proportionality to the three step analysis outlined therein.” Id. In Solem v. Helm, the United States Supreme Court held that “no penalty is per se constitutional,” that sentences remain subject to a proportionality analysis under the Eighth Amendment. Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). There, the Court established objective criteria for conducting an Eighth Amendment proportionality analysis, whereby the following must be considered by the sentencing court: “(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.” Id. at 292, 103 S.Ct. 3001. The trial court in Madden’s case should have performed such an analysis in order to justify a downward departure from the prescribed maximum sentence of thirty years.
¶ 7. The record does not reflect that the trial court conducted a proportionality analysis and made a finding of dispropor-tionality regarding Madden’s mandated thirty-year sentence,, though Glowers was cited in its order. In the absence of the trial court’s finding, on the record, after a proportionality hearing — also on the record, of course — that a prison term of thirty years would be disproportionate to the crime Madden had been adjudicated of committing, the sentencing judge was without authority to sentence Madden, as an habitual criminal under Section 99 — 19— 81, to anything other than thirty years’ imprisonment. As such, it was not lawful for the trial court to impose a day-for-day condition on Madden’s fifteen-year sentence. I would reverse the trial court’s and Court of Appeals’ judgments and remand the case to the Circuit Court of the First Judicial District of Harrison County for that court to conduct an Eighth Amendment proportionality hearing under Solem v. Helm to ascertain whether Madden should be sentenced as a Section 99-19-81 habitual criminal to a term of thirty years, or to a term of imprisonment less than thirty years, in accordance with our decision in Clowers v. State.
KING, J., JOINS THIS SEPARATE WRITTEN STATEMENT.