**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2014-CP-00619-COA**

TOMMY MEISNER A/K/A TOMMY LABRIE        **APPELLANT**
MEISNER A/K/A TOMMY L. MEISNER

v.

STATE OF MISSISSIPPI        **APPELLEE**

DATE OF JUDGMENT:        04/21/2014
TRIAL JUDGE:        HON. LISA P. DODSON
COURT FROM WHICH APPEALED:        HARRISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        TOMMY MEISNER (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
        BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:        CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:        DENIED MOTION FOR POSTCONVICTION
        RELIEF
DISPOSITION:        AFFIRMED - 03/22/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. In April 2010, Tommy Meisner led police on a cross-county chase in Harrison County, Mississippi. After colliding with a law-enforcement patrol vehicle, Meisner fled on foot from authorities into a nearby wooded area. Meisner was soon apprehended. After searching Meisner's vehicle, authorities discovered the contents of a methamphetamine laboratory. It was later determined that Meisner was transporting the laboratory from one location to another. As a result of a plea bargain, Meisner pleaded guilty in the Harrison County Circuit Court to possession of precursor chemicals or drugs as a habitual offender. The circuit judge

sentenced Meisner to ten years to be served day-for-day in the custody of the Mississippi Department of Corrections (MDOC). This sentence was less than the maximum sentence of thirty years. Nonetheless, in a motion for postconviction relief (PCR) filed in the circuit court in 2014, Meisner challenged the validity of his guilty plea as well as the habitual-offender portion of his sentence. His PCR motion was denied. On appeal, he claims his sentence was illegal due to the State's invalid sentencing recommendation and the circuit court's failure to conduct a proper proportionality analysis during sentencing. He also claims that because the sentencing recommendation was allegedly illegal, he could not have entered a valid guilty plea since the bargain forming the basis of his plea agreement was invalid. Finally, Meisner asserts that the circuit court erred by failing to fully analyze the arguments presented in his PCR motion and by failing to grant him a hearing on his PCR motion. Finding no error, we affirm the circuit court's judgment.

### STATEMENT OF FACTS

¶2. On September 19, 2011, Meisner pleaded guilty to possession of precursor chemicals or drugs as a habitual offender. This plea was the product of plea negotiations with the State. Meisner was originally facing four felony charges in total. The State agreed to nolle prosequi two of the charges and recommend concurrent ten-year sentences to be served day-for-day for the other two charges, including the charge in question – possession of precursor chemicals or drugs as a habitual offender. Meisner agreed.

¶3. At the sentencing hearing, the circuit judge sentenced Meisner as a habitual offender to ten years in MDOC custody, to be served day-for-day, for the charge of possession of

precursor chemicals or drugs. The applicable habitual-offender statute requires that habitual offenders be sentenced to the maximum sentence available. In this case, the maximum sentence was thirty years without the possibility of early release. However, rare exceptions exist wherein the circuit judge may deviate from the maximum sentence when a proportionality analysis has been completed. The circuit judge mentioned the question of proportionality in passing on the record in determining that a reduced sentence was in order.

¶4. In 2014, Meisner filed a PCR motion challenging the habitual-offender enhancement to his sentence and claiming that a proper proportionality analysis was not completed, such that the day-for-day language rendered his sentence illegal. Likewise, Meisner essentially argued that his guilty plea was not validly given because the State's recommendation that he serve ten years day-for-day was improper, as it constituted a recommendation for an illegal sentence. Meisner requested a hearing on his PCR motion. The circuit judge denied Meisner's request for a hearing as well as the PCR motion. Aggrieved, Meisner appeals.

**DISCUSSION**

¶5. It is well settled that when reviewing judgments regarding PCR motions, "[w]e will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Mann v. State*, 2 So. 3d 743, 745 (¶5) (Miss. Ct. App. 2009) (citation omitted). Question of law are reviewed de novo. *Id*.

¶6. Habitual offenders under Mississippi Code Annotated section 99-19-81 (Rev. 2015) are sentenced pursuant to a sentencing enhancement, which reads:

> Every person convicted in this state of a felony who shall have been convicted
> twice previously of any felony or federal crime upon charges separately

brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution . . . *shall* be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

While the habitual-offender-enhancement statute requires circuit judges to impose the maximum sentence for habitual offenders under the section, Mississippi law recognizes limited circumstances in which a circuit judge may impose upon a habitual offender a reduced sentence. *See Pool v. State*, 724 So. 2d 1044, 1049-50 (¶¶28-31) (Miss. 1998); *Clowers v. State*, 522 So. 2d 762, 764 (Miss. 1988); *Triplett v. State*, 840 So. 2d 727, 732 (¶18) (Miss. Ct. App. 2002).

¶7.	In *Clowers*, the Mississippi Supreme Court cited *Solem v. Helm*, 463 U.S. 277, 290 (1983), for the notion that "a criminal sentence must not be disproportionate to the crime for which the defendant is being sentenced." *Clowers*, 522 So. 2d at 764. We have previously considered circumstances where a habitual offender was sentenced to less than the maximum and the petitioner challenged the sentence for lack of a proper proportionality analysis. *See Cook v State*, 106 So. 3d 823, 825 (¶8) (Miss. Ct. App. 2012). In *Cook*, we stated:

> Cook's term of imprisonment . . . was well below what the trial court was authorized to impose. As a general rule, we will not disturb sentences which are permissible by statute. Further, there is no requirement that a trial court conduct a sua suponte proportionality analysis. Before a proportionality analysis is reached, it must be shown that the sentence is grossly disproportionate to the crime charged. Unless this preliminary requirement is shown, Cook is not entitled to the extended comparison analysis under *Solem* . . . .

*Id*.

¶8.	In the present case, Meisner was rendered a habitual offender due to his past crimes.

4

As such, he should have been sentenced to the maximum term of imprisonment for possession of precursor chemicals – thirty years' imprisonment. Nonetheless, the circuit judge took into consideration Meisner's testimony and mitigating evidence. Meisner admitted to having had severe drug addictions in the past, including the time during which he committed the instant crime. However, the record reflects that he sought help for his problems and made efforts to become a better person. The circuit judge heard substantial testimony and saw documentation regarding Meisner's attempts to better himself. As such, the circuit judge stated the following with regard to Meisner's sentence:

> I am going to[,] in cause number 11-346 [regarding the possession of precursor chemicals conviction,] follow [the State's] recommendation and sentence you to ten years. That will be day-to-day [sic]. And I am considering that pursuant to the *Clowers* decision because you were facing thirty years, but you've accomplished quite a bit and made some attempts to rectify or at least to improve yourself and to rectify some of the problems that you appear to have been experiencing.

¶9. It is evident that the circuit judge was vested with authority to issue a reduced sentence despite Meisner's habitual-offender status. Furthermore, the circuit judge conducted an implied proportionality analysis by citing *Clower* as support for the sentence rendered. Nonetheless, it appears that the circuit judge was not under a duty to reach the extended analysis Meisner seeks.

¶10. Since the circuit judge was vested with the authority to issue a reduced sentence, the State did not recommend an illegal sentence during plea bargaining. Following such reasoning, it is clear that Meisner did not enter an invalid guilty plea based on the State's recommendation. Accordingly, Meisner's claims regarding his conviction and sentence are

without merit.

¶11.    Meisner next asserts that the circuit judge did not adequately review his PCR motion and erred in failing to grant a hearing on the motion. It is well settled that "[a]n evidentiary hearing is not necessary where the allegations in a [PCR motion] are specific and conclusory." *Russell v. State*, 44 So. 3d 431, 434 (¶6) (Miss. Ct. App. 2010) (citing *Cole v. State*, 666 So. 2d 767, 777 (Miss. 1995)). "The trial court is not required to grant an evidentiary hearing on every petition it entertains." *Byrne v. State*, 30 So. 3d 1264, 1266 (¶7) (Miss. Ct. App. 2010) (citation omitted).

¶12.    The circuit judge in the instant case issued an eight-page order denying Meisner's PCR motion. In that order, the circuit judge made it clear that she reviewed the record, the pleadings, and all other evidence before her. After reviewing the record, we find that an evidentiary hearing was not necessary prior to denying Meisner's PCR motion. Meisner's allegations lacked any disputed information that would necessitate a hearing. All pertinent information was contained in the record before the circuit judge and in the motions and supporting documentation surrounding Meisner's PCR request. Additionally, given our findings above, there was no error in the circuit judge's analysis of Meisner's claims. These issues are meritless.

¶13.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

    **LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**